BEFORE THE THIRD DIVISION, OCTOBER 17, 1945

**No. 50590.**—Protest 94151–K of V. Casazza & Bro. (New York).

EKWALL, Judge: Upon a quantity of Scotch whisky consisting of 500 cases imported into the port of New York there was assessed an amount of regular duty at the rate of $2.50 per proof gallon under paragraph 802 of the Tariff Act of 1930, as modified by the trade agreement with Canada (T. D. 49752) and the trade agreement with the United Kingdom (T. D. 49753). In addition thereto, the collector of customs assessed countervailing duty under section 303 of said tariff act. The importer claims that no countervailing duty should be levied on the whisky and, in an amendment to his pleadings, makes the further claim that neither regular nor countervailing duty should have been assessed upon the following portion of the shipment, which, he alleges, was short at the time of arrival and was not imported:

*Cartons of 24/2 bottles*

1 case, 2 bottles missing
1 case, 4 bottles missing
2 cases, 3 bottles missing out of each
2 cases, 2 bottles missing out of each
16 entire cartons

*Cases of 12/1 bottles*

2 cases, 6 bottles missing out of each
5 cases, 3 bottles missing out of each
7 cases, 2 bottles broken out of each
14 cases, 1 bottle broken out of each

The case has been submitted upon the official papers transmitted to the court by the collector with particular reference to the inspector's report on the reverse side of the warehouse permit.

The shipment consisted of two lots, one of 450 cases of 12 four-fifths quarts per case, and the other of 50 cartons of 24 four-fifths pints per case.

Neither side has submitted a brief but Government counsel at the hearing stated the Government's contention to be that paragraph 813, Tariff Act of 1930, as amended by section 32 of the Customs Administrative Act of 1938, prohibits allowance for loss or breakage of liquors or distilled spirits except where it appears that breakage occurred in transit during the voyage of importation and in that case only upon an affidavit filed within 15 days after delivery. The affidavit in the instant case was not filed within the statutory time after delivery.

Said paragraph 813, as amended, is in the following language:

PAR. 813. There shall be no constructive or other allowance for breakage, leakage, or damage on wines, liquors, cordials, or distilled spirits, except that when it shall appear to the collector of customs from the gauger's return, verified

by an affidavit by the importer to be filed within fifteen days after the delivery of the merchandise, that a cask or package has been broken or otherwise injured in transit from a foreign port and as a result thereof a part of its contents, amounting to 10 per centum or more of the total value of the contents of the said cask or package in its condition as exported, has been lost, allowance therefor may be made in the liquidation of the duties.

In the case of *Park & Tilford Import Corporation* v. *United States*, 26 C. C. P. A. 342, C. A. D. 38, the court upheld the collector's assessment of duty upon whisky without allowance for leakage in a case in which not one of the packages imported, when delivered to the importer, presumptively contained less than 90 percent of the total value of the spirits originally placed therein, some of the bottles having been broken and the whisky having leaked away. It was further held in that case that paragraph 813, *supra*, was enacted by Congress under its constitutional power and that Congress, in effect, in that paragraph instructed collectors to require the importer to pay a higher duty on that liquor which he did import where less than 10 percent of the total value of each package of liquor had been lost in transit.

However, in the instant case the only evidence before us as to the condition of the cases is contained in the inspector's report which is written in ink on the reverse side of the warehouse permit and insofar as we are able to decipher it, is as follows:

Of the within
100 cases released from wharf on DP withdrawal 1¢=11 full 1 broken 16 cartons manifested; not found.
450 ¢ lot 2¢=6 full; 1¢=9 full landed in bad condition each case. 50 cs lot 1 cs=22 full 2 broken bottles.
2 c/s released from wharf for delivery to Whse. in good condition.
Storekeeper reports 1 cs=10 full 1 cs=11 full

(signature)
Of the within one case sent to Whse on C H L # 13.

Even were the affidavit in time the amounts therein stated as missing, which are the same as claimed short in the protest, do not check with the inspector's report. As we read that report it states that only 3 cases out of the 450-case lot contained less than 90 percent of the total value of the whisky originally placed therein, but there is no proof as to whether the bottles were broken or missing. As to the 50-carton lot, each case of which contained 24 four-fifths pints, it appears that in 1 case there were 22 full and 2 broken bottles, indicating leakage or loss. However, no allowance could be made for this in the absence of a timely affidavit.

The only proof which we find sufficient is the report that 16 cartons were manifested and not found. As to that merchandise, the proof is sufficient to show a nonimportation. Under the early cases of *Marriott* v. *Brune*, 9 How. 619, and *Lawder* v. *Stone*, 187 U. S. 281, the collection of revenue upon articles never coming into the country is not to be countenanced where not expressed in acts of Congress, nor required to enforce just rights. The entry shows the 50-carton lot to consist of 24 bottles four-fifths pints each case. We therefore hold that as to 16 cartons of that lot plaintiff's claim that neither regular nor countervailing duty was assessable, should be and the same hereby is sustained. As to all other claims the protest is overruled.

Judgment will be rendered accordingly.